Andrews testified: I never had any understanding with Wright about money paid on Schofield note. It was sued in justice's court. I do not know what was done with the note or money.

M. G. BAYNE, for plaintiff in error.

STEED & WIMBERLY, contra.

---

## McMAHAN v. MITCHELL.

On the evidence as a whole and the unmistakable merits of the controversy, the verdict of the jury was correct, and although the court may have committed some immaterial errors, the denial of a new trial was also correct. The newly discovered evidence could not rightly change the result.          *Judgment affirmed.*

July 24, 1893.

Ejectment. Before Judge MILNER. Dade superior court. September term, 1892.

W. U. & J. P. JACOWAY and R. J. & J. McCAMY, for plaintiff in error.

McCUTCHEN & SHUMATE and G. & W. HARRIS, *contra.*

---

## SMITH & RAMEY v. THE CLEVELAND, CINCINNATI, CHICAGO AND SAINT LOUIS RAILWAY COMPANY.

<div style="float:right">92 539<br>Case 2<br>L127 325</div>

According to the evidence produced by the plaintiffs, the witness being the person who had actual knowledge of the fact, the car alleged to have been unreasonably delayed in its passage from East Rome to Rome was sent forward and delivered with as much dispatch as possible under the actual circumstances which existed at the time. This being so, there was no error in granting a nonsuit.          *Judgment affirmed.*

July 24, 1893.

Action for damages. Before Judge HENRY. Floyd superior court. September term, 1892.

The testimony on the subject of delay in delivery of the car of meat was as follows: The car was sent by

the defendant's road from East St. Louis, Illinois, its destination being Rome, Georgia, and the date of the bill of lading being January 15. Ramey, one of the plaintiffs, testified that the car arrived at East Rome on January 22d. There was no unreasonable delay until then. When it arrived at East Rome, Ramey notified Walker, the yardmaster of the East Tennessee, Virginia & Georgia Railway Company, to bring the car over into Rome immediately, and Walker promised to do so within half an hour. The car was not delivered in Rome until after 36 hours after it arrived in East Rome. It is about half a mile from East Rome to the freight depot in Rome. The car could be brought from East Rome inside of two hours, even if the track was very much blocked and a great deal of switching had to be done; two hours would be ample time. Rome and East Rome are two separate and distinct stations on the line of the East Tennessee, Virginia & Georgia railway, and are numbered differently. Ramey was in the railway service four years in Rome, connected with the East Tennessee, Virginia & Georgia Railway Company's freight office. Walker, the yardmaster, was sworn for the plaintiffs, and he testified thus: "I did promise to deliver the car of meat in Rome in a short while. I promised Mr. J. G. Ramey to that effect. I did not deliver the car in Rome because of the crowded condition of the railroad yard. The car was delayed about thirty-six hours. Got the car in as soon as I could."

C. Rowell and W. S. Rowell, for plaintiffs.

C. A. Thornwell, for defendant.

---

Thompson v. Ray, administrator.

1. There was no error in holding that a witness offered by one of the defendants was incompetent to testify to a transaction had with the plaintiff's intestate, in which the witness acted as the agent of